IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID A. FENNER                                              PLAINTIFF

V.                              NO. 10-5107

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, David A. Fenner, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claim for supplemental security income (SSI) benefits under the

provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision. See 42 U.S.C. § 405(g).

### I.    Procedural Background:

Plaintiff filed his current application for SSI on September 30, 2005, alleging an inability

to work since August 25, 2005, due to injury to his wrists and hands, lower back pain, pain in

his legs, feet, and neck, heart problems, blurry vision, depression, high blood pressure,

rheumatoid arthritis, and "right hand problems." (Tr. 51-54, 64-67). An administrative hearing

was held on June 7, 2007, at which Plaintiff appeared with counsel, and he and his fiancé

testified. (Tr. 283-327).

By written decision dated September 13, 2007, the ALJ found that Plaintiff had an

impairment or combination of impairments that were severe - carpal tunnel syndrome, visual

-1-

problems, mood disorder, chronic obstructive pulmonary disease, heart problems, and disorder

of the back. (Tr. 7-19). However, after reviewing all of the evidence presented, she determined

that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed

in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The

ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and/or carry 10 pounds frequently, 20 pounds occasionally, and to sit for a total of 6 hours and stand and/or walk for a total of 6 hours each in an 8-hour workday with normal breaks. He must avoid walking on uneven surfaces. Due to cataracts, he is restricted from driving as part of work and is unable to read fine print. He is unable to perform repetitive lifting and/or carrying actions. He cannot perform rapid, repetitive fingering or handling and is unable to perform jobs requiring picking up small items such as screws, nails, and pins. He is able to occasionally reach overhead bilaterally, but cannot perform rapid repetitive fingering and handling with his dominant right hand. He can occasionally climb stairs and ramps, stoop, bend, crouch, and balance. However, due to limping, he is unable to climb scaffolds, ladders, or ropes or to be exposed to unprotected heights, dangerous equipment, and machines. From a mental standpoint, he is able to perform routine, repetitive work with non-complex simple instructions, where superficial contact is incidental to work with the public, complexity of tasks is learned and performed by rote with few variables and little judgment, and supervision is specific, direct, and concrete.

(Tr. 12). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform

other work, such as housekeeper and plastic machine tender. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on April 9, 2010. (Tr. 2-4). Subsequently, Plaintiff filed this action. (Doc.

1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both

parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,11).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

-2-

2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or

-3-

mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ determined that Plaintiff could perform light work with some

-4-

limitations due to his physical and mental impairments.  Regarding Plaintiff's physical RFC,  in

the consultative general physical examination report completed by Randy Duane Conover, D.O.,

he diagnosed Plaintiff with a "severe limitation in ability to lift and carry."   However, only two

weeks later, in her Physical RFC Assessment, Dr. Alice Davidson found Plaintiff had the ability

to occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds.  Dr.

Davidson also found that Plaintiff was limited in "reaching in all directions (including overhead)

(occasional overhead work)." (Tr. 217).  Nevertheless, Dr. Davidson found that the evidence

supported a light RFC.  Even though Dr. Davidson limited Plaintiff's ability to reach in all

directions, and even though the ALJ's RFC finding stated that Plaintiff was able to "occasionally

reach overhead bilaterally," the jobs the ALJ found that Plaintiff could perform - housekeeping

and plastic machine tender - require frequent reaching.  Therefore, the Court believes the ALJ's

findings are inconsistent with the medical evidence of record, and therefore cannot find

substantial evidence to support the ALJ's conclusion that Plaintiff could perform the work of

housekeeper and plastic machine tender, since the ALJ's RFC finding does not match with the

jobs he found Plaintiff could perform.

       Also, there appears to be an ambiguity with respect to what Plaintiff's RFC actually is.

Therefore, the Court finds remand is appropriate in order for the ALJ to obtain a Physical RFC

Assessment from Dr. Conover, and to ask Dr. Conover to also specifically address what he meant

in his general physical examination report by "severe limitation in ability to lift and carry." Once

received, the ALJ should re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a

VE any limitations that are indicated in the new RFC assessment and supported by the evidence.

AO72A
(Rev. 8/82)

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial

evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration pursuant to sentence four of

42 U.S.C. § 405(g).

ENTERED this 21st day of June, 2011.


/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**